CLARENCE WHITMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14110. Promulgated April 25, 1929.

*Daniel B. Priest, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

Trammell: In order to entitle a petitioner to the deduction on account of the loss on sale of the property which was acquired prior to March 1, 1913, there must be evidence both of the cost and of the March 1, 1913, value of the property, and the lesser of these amounts, considering depreciation allowable, whether claimed or not, must be greater than the selling price.

Only one witness testified in the case, and he was unable to testify as to the March 1, 1913, value of the properties. Considering the fact that the properties were acquired in 1911 and 1912, and that the improvements were not completed until " about 1913," even if we should assume that the cost and the March 1, 1913, value were the same, still we are unable to determine from the evidence the amount of depreciation which was allowable to the petitioner on the depreciable property. While the petitioner's witness testified that according to his recollection no part of the purchase price of the

farms was allocated to the buildings thereon, we do not interpret this as meaning that buildings had no value or that some portion of the purchase price did not represent cost of the buildings which are subject to depreciation allowances. There is no testimony as to what would be a fair allocation of the purchase price to these buildings. It seems clear that, when land is purchased on which buildings are located, we may not find as a fact, in the absence of evidence to the contrary, that the buildings cost nothing and that the purchaser of such property would not be entitled to some depreciation allowance on buildings so acquired.

When we consider the amount of depreciation which would be allowable by law, we are unable to determine that the petitioner has sustained a deductible loss, even if we should assume, as has been stated, that the cost and the March 1, 1913, value were the same, which assumption we do not indulge.

With respect to the deduction paid on account of commissions and other expenses in connection with the sale of the property, it is our opinion that the petitioner is entitled to such deductions as ordinary and necessary expenses paid during the taxable year. *Jessie G. Sheen*, 6 B. T. A. 114; *Jennie L. Miller*, 11 B. T. A. 854.

*Judgment will be entered under Rule 50.*