## WINMILL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 72.

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1937.

Thomas M. Wilkins, of Washington, D. C., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Petitioner seeks a review of an income tax deficiency, charged against him for 1932. For several years prior to and during 1932, he was a member of a partnership engaged in the stock brokerage business. During 1932 petitioner ran three separate securities trading accounts which were his own. These operations involved 419 separate sales of 61,992 shares which had been acquired in 353 separate purchases. The cost of these shares was $2,884,-531.14, exclusive of purchase commissions

amounting to $8,911. Of this $8,911, $7,-493.50 was paid in 1932 and $1,417.50 in 1931. On the sale of these shares, the return to him was $2,722,904.37, representing a loss. In 1932 he paid brokerage commissions of $9,574 on said sales. During 1932 petitioner also operated four other security trading accounts in each of which he had an interest. These were joint ventures with another person who shared in the profits or losses as they might occur. Petitioner, however, furnished all the capital needed in the operation of these four accounts. During the year there were sold, through these four accounts, 2,525 shares of stock in 22 separate sales transactions. These 2,525 shares had been acquired in 22 separate purchases. Petitioner's share in the cost of this stock was $68,-300. The buying commissions paid by him in 1932 amounted to $270. Petitioner's share of the proceeds of stock sold through the four accounts was $71,687.88, and petitioner's share of the selling commissions paid during 1932 was $273.75. His share of the profits made in these four joint accounts during 1932 was $2,267.80 after payment of all costs and expenses. All shares sold through each of these seven accounts had been held less than two years, and hence were "non-capital" assets under the 1932 Revenue Act (47 Stat. 192, § 101(c) (8), 26 U.S.C.A. § 101 note). In his 1932 return, petitioner claimed the right to offset his share of the profits arising from the operation of the four accounts against the losses resulting from the three accounts and show a loss deductible from ordinary income. The Commissioner disallowed the deductions claimed on the petitioner's return and increased his income for the year 1932 by $2,267.80, the sum of the stock profit on the joint accounts, plus $172,771.02, which represented the stock losses in the three accounts. This resulted in the additional tax. No part of the broker's commissions referred to have been allowed by the Commissioner as deductions. The petitioner kept his books and made his return for the year 1932 on a cash receipt and disbursement basis.

It is contended on this petition to review that section 23(r) (1) of the Revenue Act of 1932, 26 U.S.C.A. § 23 note,[1] dealing with deductible losses from the sale of "non-capital" assets, permits him to include among his own "non-capital" gains his share of the joint venture's "non-capital" gains, where, as here, another party agreed with him, without furnishing any capital, to share equally with petitioner in the profits and losses resulting from such transactions as the joint venture might conduct. He also contends that, if section 23(r) (1) of the Revenue Act of 1932 limits the deductibility of losses resulting from sales of stocks or bonds (which are "non-capital" assets) to gains from such sales during the taxable year, it is unconstitutional and void. Petitioner contends further that the buying and selling commissions paid were a necessary incident to the conduct of his business—trading in the market—and that, pursuant to section 23(a) of the Revenue Act of 1932, 26 U.S.C.A. § 23(a) and note,[2] he should be allowed these as deductions, even though such operations resulted in a loss and even though the losses from sales of "non-capital" assets are limited by section 23(r) of the act, 26 U.S.C.A. § 23 note, to the gains from similar transactions.

The facts were stipulated, but the petitioner also testified that he devoted a portion of his time to the operation of these seven trading accounts.

Section 23(r) places a limitation upon the deduction of losses: Congress has the power to condition, limit, or deny deductions from gross income in order to arrive at the net to be taxed. Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 51 S.Ct. 418, 75 L.Ed. 1049; Stanton v. Baltic Mining Co., 240 U.S. 103, 36 S.Ct. 278, 60 L. Ed. 546; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L. Ed. 1311. We held this provision of the statute constitutional in Davis v. United States (C.C.A.) 87 F.2d 323. The petitioner may not offset his gains from the four joint accounts by his losses on the three accounts which he operated individually.

Section 1111(a) (3) of the Revenue Act of 1932, 26 U.S.C.A. § 1696(2), defines "partnership" as including a "syndicate,

---

[1] (r) Limitation on Stock Losses.

(1) Losses from sales or exchanges of stocks and bonds which are not capital assets shall be allowed only to the extent of the gains from such sales or exchanges.

[2] (a) Expenses:—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *

group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this Act [title] a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group," etc. Assuming that the petitioner and his associates in the joint ventures were not partners as generally accepted, they were nevertheless engaged in a "joint venture" in conducting these accounts and in dividing the profits and losses. For taxing purposes they must be considered as a "partnership." Johnston v. Com'r, 86 F.2d 732 (C.C.A.2). Accordingly, the Commissioner correctly ruled that the set-off could not be made.

■ Section 23(a) of the 1932 Act (26 U.S. C.A. § 23(a) and note) provides that there shall be deducted in computing net income, the ordinary necessary expenses of carrying on a trade or business "including * * * compensation for personal services actually rendered." The volume of sales and the amounts thereof and the time consumed in carrying on these operations would justify the Board of Tax Appeals in finding (they made no such finding) that the petitioner carried on these operations as a trade or business. During the year he expended "for personal services actually rendered to him" compensation in the form of commissions in the amount of $17,067.50 which the Board has disallowed. In such disallowance, the Board based its holding upon regulations having to do with "non-capital" assets not purchased in connection with a trade or business. Article 121 of the Treasury Regulations 77 provides in part that "among the items included in business expenses are * * * commissions. * * *" The allowance of commissions on real estate sales as business expenses has been approved by the Board. The Highlands, Trust No. 1546 v. Com'r, 32 B.T.A. 760. See, also, Alexander Sprunt & Sons v. Com'r (C.C.A.) 64 F.2d 424; Kornhauser v. U. S., 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Whitman v. Com'r, 16 B.T.A. 197, affirmed (C.C.A.) 49 F.2d 1087. The same principle should be equally applicable to one whose trade and business involves the purchase and sale of stocks for profit.

Article 282 of Treasury Regulations 77 provides that commissions paid in purchasing securities are a part of the cost price of such securities while commissions paid in selling securities when such commissions are not an ordinary and necessary expense of carrying on a business are an offset against the selling price. If the petitioner's activities in buying and selling amounted to a trade or business, his expenses would be deductible under section 23(a), 26 U.S.C.A. § 23(a) and note, which allows "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." This would apply to commissions paid in buying and selling securities. No good reason is advanced for a discrimination against dealers in securities. The statute makes no such discrimination. The regulations and decisions which controlled the Board in support of the majority opinion contemplate the eventual allowance against income of the commissions paid on purchases and sales not connected with a business.

The questions presented in Helvering v. Union Pacific Ry. Co., 293 U.S. 282, 55 S.Ct. 165, 79 L.Ed. 363, dealt with deductions of commissions on bonds issued by the taxpayer itself. The court there approved the regulation providing for the capitalization of the commissions involved. The taxpayer suffered no hardship by such a rule, as was pointed out in Hutton v. Com'r, 39 F.2d 459 (C.C.A.5), since, under the Revenue Acts then in force, the commissions would be reflected against income when the securities were eventually sold. But under the 1932 Revenue Act, due to section 23(r), 26 U.S.C.A. § 23 note, the commissions paid would not be reflected against gross income unless the sale of the securities resulted in a profit.

■ Section 23(r), 26 U.S.C.A. § 23 note, does not deal with expenses at all, and there is no conflict between it and section 23(a), 26 U.S.C.A. § 23(a) and note. Nor may it be said that there is a possibility that the petitioner would have the benefit of his expenses in a future year on other sales or exchanges. Taxing statutes consistently assess income taxes on the basis of annual accounting periods. If the commissions be regarded as an expense of a trade or business, the petitioner's operations within the year will be accounted for within that same year, and this meets the intent of Congress to levy taxes on an annual basis. If a merchant employed a buyer, his salary would be deductible as a current expense and would not be allocated as part of the cost of the goods. If the

merchant paid a commission instead of a salary, it would likewise be a necessary expenditure of the business. So, too, the commissions paid in the purchase and sale of securities are an expenditure of carrying on that business.

The decision is reversed and the cause remanded for the Board to make a finding as to whether or not the petitioner, in 1932, was a trader in the business of buying and selling securities. If so, the commissions for purchases and sales are deductible.