**SPRECKELS v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. SPRECKELS.**

**Nos. 9682, 9687.**

Circuit Court of Appeals, Ninth Circuit.

May 15, 1941.

Rehearing Denied July 28, 1941.

Lee A. Jackson, and Arthur L. Jacobs, Sp. Assts. to the Atty. Gen., for Commissioner of Internal Revenue.

Before WILBUR, GARRECHT, and STEPHENS, Circuit Judges.

GARRECHT, *Circuit Judge.*

The taxpayer, a resident of San Francisco, was engaged in the business of purchasing and selling stocks, bonds, and commodities for profit. He maintained an office with employees, and kept a complete set of books on the cash receipts and disbursements basis.

Adolph B. Spreckels' income tax return for 1934, which was filed with the collector for the first district of California on May 9, 1935, disclosed a net taxable income of $121,593.86 and a tax of $37,897.60; the tax was paid in installments, the last of which, in the sum of $9,474.40, was made December 16, 1935. December 23, 1937, the taxpayer filed a claim for refund of income tax in the amount of $4,087.61, upon the ground that certain stamp taxes were paid which had not been claimed as deductions in the return. The Commissioner, in the deficiency letter, dated July 20, 1938, allowed this claim, with the exception of $80. This letter from the Commissioner to the taxpayer relative to· tax liability for the year 1934, however, asserted a deficiency in income tax for that year in the sum of $1,254.11, arising out of transactions not important here. Thereafter, on September 26, 1938, the taxpayer filed a petition for redetermination in the Board of Tax Appeals, alleging the deficiency to be based upon matters which are unimportant here, and contending he was entitled to refund of $3,650.36. Later, at the hearing before the Board, on June 8, 1939, the taxpayer filed an amendment to his petition, in which he asserted that during the calendar year 1934 he paid, as selling commissions in connection with sales of stocks, bonds, and commodities in the conduct of his business, the sum of $23,909.29, which he did not take as a deduction in computing his income tax for the year 1934 and contended, by reason thereof, he was entitled to a refund of $4,087.61. All of the errors raised by the original petition were disposed of by stipulation at the trial. There were, therefore, but two questions before the Board: (1) Whether the selling commissions were deductible as ordinary and necessary expenses; and (2) if so, whether claim based upon such pay-

Walter Slack, of San Francisco, Cal., for taxpayer.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., and Sewall Key, Joseph M. Jones,

ments, filed more than three years after the last payment of tax, is timely. The Board announced an affirmative answer to the first question, but held that the claim for refund was barred by the statute of limitations. Section 322(d) of the Revenue Act of 1934, 48 Stat. 680, 751, 26 U.S.C.A.Int.Rev.Acts, page 756.

The taxpayer's income tax return for 1935, filed April 15, 1936, disclosed a net taxable income of $141,146.57 and a tax of $48.554.03; the tax was paid in installments, the last of which, in the sum of $12,138.50, was made December 11, 1936. A deficiency letter, dated April 7, 1938, addressed to Adolph B. Spreckels by the Commissioner, stated a deficiency of $4,-675.17 was disclosed in his income tax liability for 1935. July 6, 1938, the taxpayer filed a petition in the Board of Tax Appeals for redetermination of this deficiency. The errors alleged in this petition are unimportant, for they were also disposed of at the trial by stipulation. An amendment to this petition was also filed at the hearing on June 8, 1939, also raising the question of deductibility of the selling commissions as ordinary and necessary expenses. The Board held in favor of the taxpayer and entered its decision to the effect that there was an overpayment in income tax for the year 1935 in the sum of $1,490.10, which amount was paid within three years before filing of the amended petition.

The two petitions were consolidated for hearing and were disposed of by the Board in a single opinion, although separate decisions were entered.

In 1934 the taxpayer paid brokers selling commissions of $23,692 in connection with sales of stocks, bonds, and commodities, and in 1935, $2,246.25, in like transactions. He did not deduct the selling commissions in computing income in making his income tax returns for the taxable years. Upon taxpayer's books the selling commissions were deducted from the selling price before the net profit or loss was determined. In his income tax return for 1934 the taxpayer reported losses of $114,-249.38 arising out of sales of stocks and commodities, and took a deduction of $2,-900; in 1935 he reported losses of $8,009.-69 arising out of like transactions and took a deduction of $2,000 thereon.

Separate petitions for review of the Board's decisions were taken with respect to the tax liability for the year 1934 and for the year 1935; the taxpayer is the moving party so far as 1934 is concerned, while the Commissioner brings the 1935 tax liability problem before us. Both petitions will be considered together because the basic question before this court in each case is identical; only in the event that our conclusion on deductibility is in the taxpayer's favor will it be necessary to consider whether the claim for refund for 1934 was timely filed.

It is provided by Section 23(a) of the Revenue Act of 1934, 48 Stat. 680, 688, 26 U.S.C.A.Int.Rev.Acts, page 671, that, "In computing net income there shall be allowed as deductions: * * * All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." This is the provision of the taxing act which has direct application to the present situation.

Our principal concern here is whether purchasing and selling commissions paid by the taxpayer, engaged in the business of buying and selling securities, are deductible as ordinary and necessary expenses, or must be figured, respectively, as additions to cost or offsets against selling price.

Incidental to the Commissioner's authority to administer the income tax law is the power to make regulations for the information of the taxpayers, the guidance of the collectors, and the realization of purposes of the taxing acts. Section 62 of certain of the later Revenue Acts (notably, 1934, 48 Stat. 680, 700, 26 U.S.C.A.Int.Rev.Code, § 62) furnishes specific authority for the publication of such regulations and under that section was published Regulations 86, relating to the income tax under the Revenue Act of 1934. Regulations 86, referring to Section 23(a) of the 1934 Act, quoted above, says, "Among the items included in business expenses are * * * commissions, * * * ." This simple, general statement, is not decisive, for this article concludes with the sentence, "As to items not deductible under any provision of section 23, see section 24," and Article 24-2 of the same Regulations provides, in part, that: "* * * Commissions paid in purchasing securities are part of the cost price of such securities. Commissions paid in selling securities, *when such commissions are not an ordinary and necessary business expense,* are an offset against the selling price."

The qualifying clause, which we have emphasized, first appeared in Regulations 77, article 282, covering the Revenue Act of 1932. For several years prior to the publication of Regulations 77, the statement referring to purchasing and selling commissions appeared in the Regulations substantially as written above, without the qualifying clause. As early as Regulations 33, par. 108 (respecting the Revenue Acts of 1913 and 1916), the following definition was in effect: "Commissions paid in purchasing and selling securities are a part of the cost or selling price of the securities and not otherwise deductible. They do not constitute expense deductions in a return of income."

Hutton v. Commissioner, 5 Cir., 39 F.2d 459, treated, and denied, the deductibility of purchase commissions as ordinary and necessary business expenses under the Revenue Act of 1921, under which Regulations 62, art. 293, provided as in the 1934 Act, with the exception, of course, of the qualifying clause, not included in those Regulations. The court concluded purchasing commissions were part of the cost of the securities and not deductible as ordinary and necessary expenses.

■ The provision of Article 23(a)-1 must be read in conjunction with the provisions of Article 24-2 of Regulations 86, applicable here, in order to give recognition to both and do violence to neither. Undoubtedly, the clause, "when such commissions are not an ordinary and necessary business expense," refers to that part of Article 23(a)-1 of Regulations 86, quoted above. It will be noted, however, and it is to be stressed, that the part of Article 24-2 to which we have reference is *specific,* as opposed to the general nature of the reference to "commissions" in Article 23(a)-1, and therefore should control. Helvering v. Winmill, 305 U.S. 79, 83, 84, 59 S.Ct. 45, 83 L.Ed. 52.

An opinion was requested of the General Counsel of the Bureau of Internal Revenue on, for all practical purposes, the identical question here involved, under the same section of the 1934 Act and the same Articles of Regulations 86. The opinion (Internal Revenue Bulletin, Cum.Bull. XIV-2, p. 59, XIV—38—7698, G.C.M. 15430) said:

"The question as to the deductibility of such commissions involves three classes of taxpayers—(1) a dealer in securities, (2) a trader in securities, and (3) a taxpayer who purchases and sells securities occasionally but not in such quantities or under such circumstances as to constitute him either a dealer or a trader. * * *

"Fundamentally, commissions paid in connection with both purchases and sales of securities, being direct expenses of acquiring and disposing of the property, are direct charges against the profit, or increase the loss, arising from the transaction. * * *

* * * * * * *

" * * * there can be no justification for a departure from that method of treatment except in those cases where the detail of accounting on that basis is so burdensome as to make its use impracticable. No such accounting difficulties exist in the case of any of the three classes of taxpayers enumerated above, except the dealer. Both the occasional seller and the trader are required to account in their income tax returns for the profit or loss on each individual sale. The right to inventory securities is denied to the trader and to the occasional seller. (See article 22(c)-5, Regulations 86.) * * *"

■ The opinion then continues to explain that no difficulty is experienced by either of the latter two classes of taxpayers in accounting by adding purchasing commissions to the cost of the securities and deducting selling commissions from the selling price thereof and that the dealer, also, experiences no difficulty in adding the purchase commissions to the cost of securities, but that the volume of his sales and the numerous selling transactions make it impracticable from the accounting standpoint to match selling commissions against each individual sale. Because of this factor, so reasons the opinion, the dealer is permitted to inventory securities and "to treat his selling commissions as 'ordinary and necessary business expenses,' not because they are technically such but because of practical considerations." No formal recognition of this interpretation was given, says the opinion, until the qualifying clause was inserted in Article 282 of Regulations 77. The opinion concludes with this statement: "Selling commissions are an offset against the sale price and are not deductible as ordinary and necessary business expenses, except in the case of a dealer in securities."

We are moved to comment that the interpretation of the regulations by the Assistant General Counsel of the Bureau of In-

ternal Revenue appears intelligent, logical, and reasonable. Moreover, it is but the statement of a long-continued construction of law and regulation by the administrative officers charged with the enforcement thereof.

Regulations 86, in providing for inventories by dealers in securities (art. 22(c)-5) defines "dealer in securities" as "a merchant of securities, * * * with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom." This regulation continues—"the securities inventoried as here provided may include only those held for purposes of resale and not for investment. Taxpayers who buy and sell securities for investment or speculation, * * * are not dealers in securities within the meaning of this rule." These Regulations do not specifically define a "trader." While the Board did not find that the taxpayer was a "trader," it referred to him as such in its opinion, to which statement there was, apparently, no objection. We think, on the record made, that the taxpayer was not a "dealer in securities." Definitely, he was not an occasional purchaser and seller. It would seem to follow, from the exclusion of the two extremes, neither of which classifications fits the business of the taxpayer, that he was a "trader."

If the modifying clause applies only to "dealers in securities," as the regulations seem to indicate, then it does not apply to the taxpayer, because he is not a "dealer" as defined by the same Regulations 86. If the clause had not been inserted in the regulation, the long-continued administrative construction and the adherence by the Congress to the original wording in the re-enactment of Revenue acts, would render the Commissioner's position unassailable. The question then arises, "Why was the clause inserted in an already clear regulation?" The explanation seems to be that it was placed there for the protection of "dealers," who were compelled, as a matter of accounting practice, to inventory their securities.

In Winmill v. Commissioner, 93 F.2d 494, 496, 497, the Circuit Court of Appeals for the Second Circuit had before it the question whether buying and selling commissions were deductible as ordinary and necessary expenses under the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. Int.Rev. Acts, page 482 et seq. The statutory provisions and the regulations (77) were similar to those here involved. The Court of Appeals, in the Winmill case, uncertain whether the taxpayer was engaging in a trade or business, referred to him as a "dealer," and held that if he was engaging in a trade or business, "the commissions paid in the purchase and sale of securities are an expenditure of carrying on that business." In the course of its discussion the court attempted to distinguish certain language appearing in Helvering v. Union Pacific R. R. Co., 293 U.S. 282, 286, 55 S.Ct. 165, 167, 79 L.Ed. 363, by stating that the questions there presented "dealt with deductions of commissions on bonds issued by the taxpayer itself. The court there approved the regulation providing for the capitalization of the commissions involved." The pertinent language of the Supreme Court in the Union Pacific case is as follows: "* * * In this respect the commissions [paid for marketing bonds] do not differ from brokerage commissions paid upon the purchase or sale of property. The regulations have consistently treated such commissions, not as items of current expense, but as additions to the cost of the property or deductions from the proceeds of sale, in arriving at net capital profit or loss for purposes of computing the tax."

The Circuit Court of Appeals remanded the case to the Board to make a finding whether the taxpayer was engaging in a trade or business. On petition of the Commissioner the Supreme Court granted certiorari in the Winmill case. The high court confined its discussion (305 U.S. 79, 84, 59 S.Ct. 45, 83 L.Ed. 52) to purchase commissions, which it held not deductible as an expense, irrespective of whether the taxpayer was engaged in the business of buying and selling securities, and remanded the case to the Circuit Court of Appeals. The Supreme Court's opinion did not treat the question of selling commissions, but did quote with approval the language of the Union Pacific case, supra. The citator does not reveal any subsequent opinion in this case by the Circuit Court of Appeals.

Thereafter, another case involving this problem, inter alia, was presented to the same Circuit Court of Appeals, Neuberger v. Commissioner, 2 Cir., 104 F.2d 649, 650. In a per curiam opinion the court conformed to the Supreme Court's ruling

in the Winmill case in respect to purchase commissions, but, without discussion, adhered to its former conclusion respecting selling commissions. The taxpayer petitioned the Supreme Court for issuance of a writ of certiorari, which was denied, 308 U.S. 623, 60 S.Ct. 379, 84 L.Ed. 520. Thereafter, a petition for rehearing was granted by the Supreme Court and the order denying the petition for writ of certiorari was vacated, 310 U.S. 655, 60 S.Ct. 1085, 84 L.Ed. 1419. The petition for writ of certiorari was granted, limited to certain questions not material here. The Supreme Court's decision in the Neuberger case, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. ——, does not discuss, nor decide, any phase of our problem, and therefore it is of no assistance here.

Our attention, likewise, has been drawn to an opinion of the Board of Tax Appeals in the appeal of Alice duPont Ortiz, 42 B.T.A. 173, promulgated June 21, 1940, wherein it is held, upon the authority of the opinions of the Circuit Court of Appeals for the Second Circuit in the Winmill and Neuberger cases, supra, that one engaged in purchasing and selling securities as a business is entitled to deduct selling commissions as an expense.

No compelling reason, however, presents itself to us for treating purchasing commissions, concededly non-deductible as expenses, differently from selling commissions. If the purchase commissions are to be regarded as a part of the cost of the securities, then, logically, the selling commissions should be considered as an offset against the sale price. Ordinarily the trader or occasional seller calculates each individual sale with reference to profit or loss, and as he normally includes the purchase commissions in the calculation of the cost, so he fixes his asking price with due regard to the cost of disposal; else how would he know whether profit or loss was to be his realization? The Supreme Court has never passed squarely upon the precise question here before us, but it has shown a disposition to adhere to the reasoning expressed in the Union Pacific case, supra, and until that language, heretofore quoted, is repudiated or overruled, we feel obliged to hold that selling commissions, except in the case of a dealer in securities, are not deductible as expenses, but must be considered as an offset against selling prices.

The decision of the Board of Tax Appeals on the Commissioner's petition for review in case No. 9687, with respect to income tax liability for the year 1935, is reversed. The decision of the Board in case No. 9682, respecting the 1934 return, is affirmed, because the claimed additional refund was based upon selling commissions which we hold not deductible as expenses.