*Decisions will be entered under Rule 50.*

ESTATE OF ORVILLE F. YETTER, DECEASED, IMOGENE C. YETTER RYSTOGI, ADMINISTRATOR W.W.A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79937. Filed February 8, 1961.

*Bert C. Bentley, Esq.*, for the petitioner.
*Jay B. Kelly, Esq.*, for the respondent.

#### OPINION.

TIETJENS, *Judge:* The Commissioner determined a deficiency in income tax of $533.84 for the taxable period April 30, 1955, to December 31, 1955.

The only question to be decided is whether funeral and burial expenses are properly deductible on the estate's fiduciary income tax return.

All of the facts are stipulated and are so found.

Orville F. Yetter died on April 29, 1955.

The surviving spouse obtained Letters of Administration With the Will Annexed from the Probate Court of Cook County, State of Illinois, on May 19, 1955.

The income tax return for the estate of Orville F. Yetter was filed with the district director of internal revenue at Chicago, Illinois, for the taxable period April 30, 1955, to December 31, 1955, on April 16, 1956.

The funeral and burial expenses in the amount of $2,197.50 were paid by the estate of Orville F. Yetter prior to April 16, 1956, and the expenses were claimed as a deduction on the estate's fiduciary income tax return for the taxable period April 30, 1955, to December 31, 1955.

Attached to and made a part of the fiduciary income tax return for the estate of Orville F. Yetter for the taxable period April 30, 1955, to December 31, 1955, is a statement waiving the right to have funeral and burial expenses allowed at any time as a deduction in computing the taxable estate of the decedent.

In the statement accompanying the notice of deficiency, it was stated that the expenses in question were disallowed "as not constituting allowable deductions in computing the taxable income of the estate under the provisions of section 642(g) * * *."

As a general proposition the income of an estate is computed and taxable in the same manner as that of an individual, with certain differences under the Code which are not here applicable. This general principle is set out in section 641, I.R.C. 1954, and was also contained in antecedent section 162, I.R.C. 1939. (Unless otherwise noted all Code references made hereafter pertain to I.R.C. 1954.)

Deductions, of course, are a matter of legislative grace and the person claiming a deduction must bring himself within the clear intendment of the taxing statutes. We have found no provision of the statute which would allow funeral expenses to be deducted in computing the taxable income of an estate.

Petitioner relies on section 642(g) as providing for the claimed deduction if the waiver required by that section is filed. Such a waiver was filed in this case. Section 642(g) reads as follows:

SEC. 642. SPECIAL RULES FOR CREDITS AND DEDUCTIONS.

(g) DISALLOWANCE OF DOUBLE DEDUCTIONS.—Amounts allowable under section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction in computing the taxable income of the estate, unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a statement that the amounts have not been allowed as deductions under section 2053 or 2054 and a waiver of the right to have such amounts allowed at any time as deductions under section 2053 or 2054. This subsection shall not apply with respect to deductions allowed under part II (relating to income in respect of decedents).

To complete the statutory scheme we quote section 2053 which is referred to in section 642(g):

SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

    (1) for funeral expenses,

    (2) for administration expenses,

    (3) for claims against the estate, and

(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

If we follow petitioner's argument, it is that the deductions provided for in section 2053 for the purpose of computing the taxable estate may be used as income tax deductions if the statement and waiver required by section 642(g) are filed. We do not think any such result was intended. The purpose of 642(g) is clearly to avoid the possibility of a double deduction of items of a character which would properly be deductible for both estate tax and income tax purposes, e.g., certain administrative expenses. See sec. 1.642(g)–1, Income Tax Regs., adopted December 19, 1956. Certainly funeral expenses are not deductions of such a character. They have nothing to do with the determination of taxable income. Followed to its logical conclusion, petitioner's argument would permit the shifting of all of the items enumerated in section 2053, such as "funeral expenses," "claims against the estate," and "unpaid mortgages" from estate tax to income tax by the simple expedient of filing the statutory notice and waiver required by 642(g). Such a result is not implicit in the sections relied on and is not warranted by any other statutory provision. It was not provided for under section 162(e) or 812(b), I.R.C. 1939, the antecedents of the sections here involved or the regulations adopted thereunder, which were in effect at the time the petition was filed in this case. Though there have been some changes in language between the related sections of the 1939 and 1954 Codes, we find nothing in these changes which would allow the deduction here claimed. The Commissioner has specifically said in Rev. Rul. 56–449, 1956–2 C.B. 180, in holding that certain administrative expenses of an estate allowable under section 2053(a)(2) may be deducted under the conditions prescribed in section 642(g) by the estate on its income tax return, that funeral expenses were only allowable as a deduction to the estate under section 2053.

The Commissioner's determination is upheld.

*Decision will be entered for the respondent.*