Plaintiffs, as distributees of the estate of Hugh A. Foresman, contend that the estate incurred selling expenses of $24,500 in connection with the sale of certain securities, which expenses were used as a reduction from the gross amount received from the sale of the securities in determining gain or loss on the 1960 fiduciary income tax return. In 1964 the executor of the estate filed a claim for refund relative to the 1960 fiduciary return, by which claim the executor, inter alia, deducted the $24,500 sales expense as an administrative expense. In 1967 the Chicago District Director of Internal Revenue disallowed the refund claim. Plaintiffs contend that the refusal of the Commissioner of Internal Revenue to allow the deduction as an administrative expense deduction is erroneous and without warrant in law. This case comes *1037 before the court on defendant’s motion to dismiss plaintiffs’ petition, having been submitted to the court on the briefs of the parties without oral argument by plaintiffs’ attorney. Upon consideration thereof, the court concludes that this case differs significantly from Estate of Bray v. Commissioner, 46 T.C. 577 (1966), aff'd 396 F. 2d 452 (C.A. 6, 1968), and similar cases (as well as from Rev. Rul. 71-173, IBS 1971-14), in that here, unlike those cases, only one tax liability is involved, not two separate taxes. In the circumstances here, general principle discountenances allowance of a double tax benefit from the same expenditure (see United States v. Shelly Oil Co., 394 U.S. 678, 684 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934); Ford v. United States, 160 Ct. Cl. 417, 424-25, 311 F. 2d 951, 954-55 (1963)), and taxpayer gives the court no reason in the statute or any regulation for departing from that principle. On May 21, 1971 the court granted defendant’s motion to dismiss and dismissed the petition.