## FRAZIER v. F. STRAUSS & SON, Inc., et al.

### No. 5312.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1937.

For former opinion, see 172 So. 385.

Dhu Thompson, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, Hudson, Potts & Bernstein, and Montgomery & Dorman, all of Monroe, for appellees.

PER CURIAM.

Plaintiff's application is addressed solely to the sustaining by this court of exceptions of no cause and no right of action filed on behalf of A. T. Stout and his insurer, the Travelers Insurance Company. The application for rehearing on behalf of F. Strauss & Son, Inc., and Sun Indemnity Company of New York and a copious, printed brief of 68 pages in its support, embraces and discusses the whole field of facts involved in the case. It is conceded, and properly so, that no question of law is involved. After all is said and done, as we endeavored to demonstrate in our opinion, the pivotal fact of the case on which liability vel non turns is whether defendant's disabled truck was on its improper side of the medial line of the highway when collided with by Stout's car. Whether Stout or plaintiff was intoxicated at the time ceases to be of material importance unless it be found that such intoxication superinduced such carelessness and negligence on the part of Stout as to constitute a contributing and proximate cause of the accident; and, having exonerated Stout from any negligence as a proximate cause of the accident and having found and held that the negligence of defendant's servant in charge of the truck caused the accident, the question of intoxication passes from the case as a determining factor.

We purposely refrained from discussing in detail the evidence adduced by defendants in support of their charge that Stout and plaintiff and their companions were under the influence of strong drink when the accident occurred. As we viewed it then, and as we view it now, no useful purpose could be promoted by so doing.

We also purposely refrained from referring to or discussing the very strong insinuation on plaintiff's behalf that the empty whisky bottles discovered in the Stout car, after it was towed into the city of Monroe for repairs, were placed therein by some

one interested in the outcome of possible litigation, then visualized, nor to the fact that these empty bottles bore labels clearly disclosing that the brands of whisky originally therein were sold on a large scale by F. Strauss & Son, Inc.; nor did we comment upon the nondiscovery of those empty bottles by defendant's agents and representatives at the scene of the accident a few hours thereafter, when the Stout car was inspected and searched by them.

Counsel draws the conclusion and virtually insinuates that because we omitted discussion of the matters above enumerated, and others of minor importance, and made no findings thereon, we have branded defendant's witnesses who gave testimony in regard thereto, as perjurers. Not so at all. Had we found on these questions of fact as by defendant contended for, the final result would have been the same. Our conclusions in that event, as regards the ultimate facts, would have been the same as our judgment reflects.

We might add that in cases of this character, we do not sit in judgment on the moral issue forming the background of the picture, nor do we reject the testimony of any witness simply because his or her personal conduct may not be successfully defended under the moral code. Being guilty of immorality or intoxication does not necessarily destroy the probative worth of the offender's testimony given under oath, and certainly does not bar him from demanding reparation for injuries done him by one without just cause.

Applications for rehearings are denied.