372 F.2d 476
 67-1 USTC P 9218
 ESTATE of Betty BERRY, Deceased, Louis Berry, Executor,
Louis Berry, Surviving Spouse, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE,
LCG TRUST NO. 2, A. R. Glancy, Jr., Successor Trustee,
Petitioner-Appellant, Successor Trustee,
Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 16781, 16782.
 United States Court of Appeals Sixth Circuit.
 Feb. 3, 1967.
 
 Charles D. Savage, Detroit, Mich. (Frank W. Donovan, Detroit, Mich., on the brief; McClintock, Fulton, Donovan & Waterman, Detroit, Mich., of counsel), for petitioners.
 Karl Schmeidler, Atty., Dept. of Justice, Washington D.C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D.C., on teh brief), for respondent.
 Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and WEINMAN,* District Judge.
 PER CURIAM.
 
 
 1
 The only issue presented in this case is whether or not the Tax Court was right in determining that $440,000 of the $1,683,237.77 profit made by petitioners-appellants on the sale of the Raleigh Hotel in Washington, D.C. constituted gross income[1] for Federal income tax purposes rather than a capital gain. Estate of Betty Berry v. Commissioner of Internal Revenue, 43 T.C. 723 (1965); Raleigh Properties Inc. v. Commissioner of Internal Revenue, 21 CCH Tax Ct. Mem. 812 (1962).
 
 
 2
 The Tax Court reviewed the transaction in detail. It noted particularly the inclusion in the final sale documents of a discount schedule in the event of prepayment. The effect of the discount schedule would be to equate a purchase price of $2,800,000, plus 4 1/2% interest. These were the basic terms of the last offer made by purchasers prior to the terms as contained in the final purchase documents. The Tax Court held that the $400,000 was interest in the contemplation of the parties and hence ordinary income-- even if the contract itself specifically provided for no interest.[2]
 
 
 3
 In this regard the Tax Court looked past the form of the transaction and to the substantive intent of the parties, as disclosed by the total circumstances. We believe this is entirely in accord with established precedent. Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945).
 
 
 4
 Affirmed.
 
 
 
 *
 Honorable Carl A. Weinman, Chief United States District Judge for the Southern District of Ohio
 
 
 [1]
 Int.Rev.Code of 1954 61(a)(4) provides that gross income includes all income from whatever source derived, including interest
 
 
 [2]
 It should be noted that a 1964 amendment to the Int.Rev.Code, not applicable to the instant case, provides that where a deferred payment contract provides for no interest or interest at an unreasonably low rate, some part of each payment is considered and taxed as income. Int.Rev.Code of 1964 483