**Karl R. MARTIN and Kathleen Martin,
Petitioners,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 17134.**

United States Court of Appeals
Sixth Circuit.

June 29, 1967.

Karl R. Martin, in pro. per.

Marco S. Sonnenschein, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before EDWARDS and McCREE, Circuit Judges, and WEINMAN,* District Judge.

---

* The Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

**PER CURIAM.**

This is an appeal from a decision of the Tax Court. That decision, reported in 44 T.C. 731 (1965), sets forth the relevant facts in detail and there is no need to repeat them here. Suffice it to say that the main issue before the Tax Court was whether an agreement entitled "Lease with Option to Purchase," which was entered into by the taxpayer [1] and his associates with the State of Tennessee, was in substance a lease with an option to purchase (the option was later exercised) or whether the agreement constituted an installment sale from its inception. If the former, taxpayer realized long-term capital gain from the sale; if the latter, the gain must be treated as short-term.[2]

Under the agreement in question the State leased the property (a hotel) for a term of 15 years beginning on January 1, 1952; was to pay rent in the sum of $9,828.00 every month; had an option to purchase, which could not be exercised prior to July 1, 1952 and was to continue for a period of only six months and if exercised the purchase price would be identical to the total payments under the 15 year term of the lease since the installment payments were to be the same as the rental payments with prior rental payments being credited on the purchase price. Further, under the agreement, the State was entitled to all rents due from tenants occupying the premises after commencement of the lease; was to assume the cost of insuring the premises against loss or destruction; and would indemnify the owner against any and all taxes, rates, assessments and levies.

After considering the language of the agreement and all of the surrounding circumstances, the Tax Court stated, at page 742:

"We conclude from all the evidence that the lease-option agreement was in reality an installment sale contract and consequently that petitioners' holding period of the property terminated not later than January 1, 1952."

The narrow question which we consider on this appeal is whether such a finding is clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); J. Strickland & Company v. United States, 352 F.2d 1016 (6 Cir. 1965), cert. denied 384 U.S. 950, 86 S.Ct. 1571, 16 L.Ed.2d 547 (1966). We must note that it is well established that the Tax Court may look past the form of a transaction and to the substantive intent of the parties as disclosed by the total circumstances. Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945); Estate of Berry v. Commissioner of Internal Revenue, 372 F.2d 476 (6 Cir. 1967). Having reviewed all of the facts before the Tax Court, and primarily because the agreement contained numerous indicia of being an installment sale contract with an option inserted in an attempt to give taxpayer and his associates a long-term capital gain, we must conclude that the Tax Court's finding is not clearly erroneous.

There are two other issues which taxpayer alleges were erroneously decided by the Tax Court. The Tax Court stated issues two and three to be:

"(2) whether petitioners' share of the ordinary distributable losses from the trust that sold the hotel property should be reduced because of the nondeductibility of taxes, attorneys' fees, and accountants' fees; (3) whether petitioners are entitled to a deduction for travel and other expenses * * *

1. Since the issues in this case relate to the transactions of Karl R. Martin he will be referred to as the taxpayer. His wife Kathleen is a party herein solely because a joint return was filed.

2. Although, as previously stated, we find no need to repeat all of the relevant facts in detail, it should be noted that the agreement was actually entered into by a corporation formed by taxpayer and his associates (their stock being held in trust) and the State. The corporation was subsequently liquidated. See the Tax Court's decision.

for the year 1952." 44 T.C. at page 732.

■ Each of the foregoing issues was determined adversely to taxpayer for failure to sustain his burden of proof; however, the Tax Court noted, with respect to issue 2, that "[w]e do not know why respondent [the Commissioner] disallowed petitioners their pro-rata share of these expenses." And with respect to issue three, there is no dispute but that taxpayer's books and records were accidentally destroyed or lost by a trustee. We believe that in the interest of justice the Tax Court should grant taxpayer a hearing for the purpose of reconstructing the figures necessary for a redetermination of issues 2 and 3 and these two issues will be remanded to the Tax Court for its further consideration.

Accordingly, we affirm the Tax Court as to the main issue herein, designated issue 1 in the Tax Court's decision, and reverse and remand as to issues 2 and 3 with instructions to the Tax Court to grant taxpayer a hearing as herein provided.