**Thomas H. POPPELL and Mrs. Nell D. Poppell, Plaintiffs-Appellees-Cross-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellant-Cross Appellee.**

No. 27725

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1969.

Louis A. Thompson, Savannah, Ga., for appellants.

Donald Fraser, U. S. Atty., Savannah, Ga., Myron C. Baum, Chief, Refund Trial Section No. 2, U. S. Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Joseph M. Howard, Lee A. Jackson, John P. Burke, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., R. Jackson B. Smith, Jr., U. S. Atty., of counsel, for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ This is an appeal by the United States from a judgment entered upon a jury verdict in favor of the taxpayers, Thomas H. Poppell and Mrs. Nell D. Poppell, in their 28 U.S.C.A. § 1346(a) (1) suit for a refund of $27,434.62 in income taxes, fraud penalties, assessed interest and statutory interest paid for the taxable years 1957 through 1961. It is clear from the record that the District Court erred in admitting, over objection by the Government, testimony elicited by the taxpayers for the purpose of im-

peaching the testimony of a Government witness through a reputation for intemperance, and we therefore reverse.[1]

 During the course of trial the taxpayers sought to impeach the testimony of a Government witness by eliciting from a former attorney of the witness' husband testimony which was based upon an investigation by the attorney regarding unrelated child custody proceedings which took place some fourteen years prior to this suit and three years prior to the taxable years in question. The attorney's testimony simply recited a general reputation for intemperance which, whatever its moral aspects, had no bearing upon the witness' veracity. The attorney's testimony was wholly unrelated to the ability of the witness to observe, recall or testify as to any relevant occurrences and was replete with accumulations of irrelevant and prejudicial hearsay, including highly inflammatory references to the content of various affidavits filed in the custody proceedings. To have permitted this form of impeachment through a showing of a general habit of intemperance unrelated to veracity was error. N. L. R. B. v. Baldwin Locomotive Works, 3 Cir. 1942, 128 F.2d 39, 46; Frazier v. F. Strauss & Son, Inc., La.App.1937, 173 So. 343, 344; cf. Hudson v. United States, 5 Cir. 1967, 387 F.2d 331, 332; Wegman v. United States, 8 Cir. 1959, 272 F.2d 31, 34; Stansbury v. United States, 5 Cir. 1955, 219 F.2d 165. See generally 3 Wigmore on Evidence § 933 (3d ed. 1940).

We find it unnecesary to consider the Government's additional assignments of error because it is unlikely that they will reoccur upon the retrial of the case.

 The taxpayers have cross appealed contending that the District Court erred in failing to enter a default judgment in their favor, assertedly due to the government's failure to answer interrogatories to their satisfaction. The subject matter of the interrogatories was moot. The cross appeal is utterly devoid of merit, and to that extent the decision of the District Court is affirmed.

Reversed.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.