333 F.2d 66
 64-2 USTC P 9554
 COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Mary E. BURROW TRUST, The First National Bank of Topeka, F.
G. Weidling, L. P. Humphreys and Esther Shaffer,
Co-Trustees, James R. Burrow, II and
Ester T. Burrow, Respondents.
 No. 7557.
 United States Court of Appeals Tenth Circuit.
 June 16, 1964.
 
 Loring W. Post, Washington, D.C., (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Washington, D.C., on the brief), for petitioner.
 Allen Gerye, Topeka, Kan., for respondents.
 Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 The Commissioner seeks review of a decision of the Tax Court[1] entered in a consolidated proceeding to set aside assessed deficiencies in the estate tax of the Estate of Mary E. Burrow, the income tax of the Mary E. Burrow Trust and the income tax of James R. Burrow, II, trust beneficiary. The Tax Court held that the trustees' fees incurred in the administration of the estate and paid by the Mary E. Burrow Trust under the provisions of the trust instrument were deductible as administration expenses under 26 U.S.C. 2053 in the estate tax return and also as expenses for the management of income-property under 26 U.S.C. 212 in the trust's income tax return. Accordingly, the deficiency assessment against the trust beneficiary, which was dependent upon denial of the trust's deduction, was also set aside by the Tax Court. The Commissioner contests the Tax Court's allowance of the trustees' fees by the trust for income tax purposes and the resultant effect on the trust beneficiary's income, but does not question the court's allowance of the trustees' fees for estate tax purposes.
 
 
 2
 On August 7, 1956, two months before her death, Mary E. Burrow executed a will and created a revocable trust. By the terms of the trust she retained the income from the trust res for her lifetime and after her death the trustees were to pay from the corpus of the trust the expenses of the settlor's last illness, funeral expenses and all estate and inheritance taxes. The trustees were also directed to make certain specific distributions of property to named beneficiaries after the settlor's death and to divide the residue of the trust into equal shares for the benefit of the settlor's children, Jane and James. Each beneficiary was also to receive one-half of the net income of the trust from the settlor's death to termination of the trust.
 
 
 3
 Following Mrs. Burrow's death on October 12, 1956, the corporate trustee prepared and filed the federal estate tax return and the Kansas inheritance tax returns; appraised the trust and estate assets which were included in the estate and inheritance tax returns; divided the trust according to the terms of the trust; consulted with the individual trustees concerning the sale of bank stock to pay the estate and inheritance taxes; performed accounting services; paid trust expenses, distributed specific gifts and bequests to named beneficiaries of the trust; and performed other nonrecurring duties. The individual trustees voted certain stocks, approved the sale of such stock and approved various administrative duties of the corporate trustee. For these services the following fees were paid:
 
 Central National Bank
 
 4
 & Trust Company
 
 
 5
 of Topeka $19,112.33
 
 L. P. Humphreys 1,911.23
 Esther Shaffer 1,911.23
 
 
 $22,934.79
 
 
 
 6
 Although Mrs. Burrow's probate estate amounted to only $38,000, her gross estate for federal estate tax purposes, including the trust property,[2] was approximately $2,000,000. Considering the size of the trust and the services performed by the trustees, the Tax Court found the trustees' fees to be reasonable in amount and consistent with customary practice in the Topeka area.
 
 
 7
 Trustees' fees in the amount of $22,934.79 were deducted as administration expenses by the Mary E. Burrow Trust in its income tax return for 1957 and also by the Estate of Mary E. Burrow in its estate tax return. The Commissioner disallowed the deductions in the entire amount on both the estate tax return and the trust income tax return. Accordingly, the Commissioner determined the following deficiencies in income and estate taxes:
 
 Taxable year
 
 8
 Taxpayer ended Tax Deficiency
 
 
 9
 -------- ------------- ------ ----------
 
 
 10
 Mary E. Burrow Trust Oct. 31, 1957 Income $ 8,872.53
 
 
 11
 James R. II and Esther T.
 
 
 12
 Burrow (trust beneficiary) Dec. 31, 1957 Income 3,313.61
 
 Estate of Mary E. Burrow
 
 13
 Deceased Estate 10,320.61
 
 
 14
 The Tax Court allowed a deduction for administrative expenses in the estate tax return of $22,096,78, an amount reflecting a reduction of $838.01 attributable to payment for services rendered by the corporate trustee prior to the death of the decedent. The trust was permitted to deduct the trustees' fees in full except for $1,000 attributable to executor's duties. Accordingly, the Tax Court held that the trust beneficiary, James R. Burrow, III, realized additional income in the amount of $500, his one-half of the increase in the trust income.
 
 
 15
 The Commissioner does not now contest the Tax Court's decision with respect to the deduction in the estate tax return but contends that the court erred in also allowing the deduction to the trust for income tax purposes. Under section 642(g)[3] of the 1954 Internal Revenue Code, administration expenses which have been deducted by an estate in its estate tax return may not be deducted again in the estate's income tax return. The Commissioner asserts that this probhibition extends also to the income tax return of a trust whose assets were included in the settlor-decedent's gross estate. We disagree.
 
 
 16
 Section 642(g) was originally enacted in 1942 as section 162(e) of the 1939 Code. Prior to this legislation there was no prohibition against deducting the same items for both estate and income tax purposes. The Eighth Circuit has stated this concept as follows:
 
 
 17
 'Some emphasis is placed, both by the Board and the Commissioner, on the fact that some or all of the deductions claimed here were claimed also in connection with returns for income taxation of the estate. There is no necessary inconsistency in claiming the deductions as to both estate taxes and also as to income taxes of the estate. The two taxes are different in theory and incidence. It is for the Congress to prescribe what, if any, deductions are to be allowed as to each. Also, it is for the Congress to declare that there shall be but one deduction and where that shall be permitted. Congress had prescribed separately the deductions allowable for estate tax purposes and for income tax purposes. Congress has not declared that these deductions shall, in any way, be affected by the circumstances-- often of occurrence-- that the same items might come within each of the separate deduction provisions. It is not for the courts to supply this omission-- if it be such-- in the statute. See Brown v. Commissioner, 10 Cir., 74 F.2d 281, 286.' Adams v. Commissioner, 8 Cir., 110 F.2d 578, 583.
 
 
 18
 We agree that the two taxes are different in theory and that it is not necessarily inconsistent to claim a deduction for the same amount in an estate tax return and an income tax return. Brown v. Commissioner, 10 Cir., 74 F.2d 281, 286. See also Estate of Darby v. Wiseman, 10 Cir., 323 F.2d 792. We also agree that it is for the Congress, not the courts, to determine when such double deductions may not be allowed. Congress made such a prohibition in section 642(g) of the Code denying a double deduction to a single taxable entity, namely, the decedent's estate. In the instant case the deductions are claimed by two separate and independent taxable entities. Although the decedent was the settlor of the trust and the corpus of the trust is included in the decedent's gross estate, the trust nevertheless became an independent taxable entity at the settlor's death. By its plain and unambiguous wording, the statutory prohibition of section 642(g) applies only to the income tax return of an 'estate.' Had Congress intended that section 642(g) apply to income tax returns of trusts as well as estates, it presumably would have used the term 'estate or trust' as it has in all other seven subparts of section 642.
 
 
 19
 The Commissioner concedes that trustee fees are generally deductible by a trust under section 212 of the 1954 Code as ordinary and necessary expenses of administration, but he contends that Regulation 1.212-1(o), which provides in part that 'amounts deducted under one provision of the Internal Revenue Code of 1954 cannot again be deducted under any other provision thereof,' prohibits the deduction of trustee fees which have been deducted for estate tax purposes under section 2053. We find no merit in the Commissioner's contention. The regulation relied upon has reference to deductions which might properly be allowed under either section 212 or section 162 (relating to trade or business expenses):
 
 
 20
 Reg. 1.212-1(o) 'The provisions of section 212 are not intended in any way to disallow expenses which would otherwise be allowable under section 162 and the regulations thereunder. Double deductions are not permitted. Amounts deducted under one provision of the Internal Revenue Code of 1954 cannot again be deducted under any other provision thereof.'
 
 
 21
 Essentially the same wording was contained in Regulation 103, 19.23(a)-1 which was in effect when Congress first enacted the provisions of section 642(g) to prohibit a double deduction in the estate tax and income tax returns of an estate. Under the Commissioner's interpretation of the above regulation, there would have been no need to enact section 642(g).
 
 
 22
 It is our conclusion that the trustee fees in question are properly deductible under section 212 in the Burrow Trust's income tax return and we find nothing in section 642(g) or the regulations pertaining to section 212 to disqualify the deduction simply because the Burrow Estate has deducted the greater part of the fees as administration expenses in its estate tax return.
 
 
 23
 The decision of the Tax Court is affirmed.
 
 
 
 [1]
 39 T.C. 1080 (March 28, 1963). The decision was reviewed by the entire court, two judges dissenting
 
 
 [2]
 It is uncontested that the trust property is properly includible in decedent's estate for federal tax purposes under the provisions of 2035 relating to transfers in contemplation of death, 2036 relating to transfers with retained life estate and 2038 relating to revocable transfers
 
 
 [3]
 642(g) 'Disallowance of double deductions.-- Amounts allowable under section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction in computing the taxable income of the estate, unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a statement that the amounts have not been allowed as deductions under section 2053 or 2054 and a waiver of the right to have such amounts allowed at any time as deductions under section 2053 or 2054. * * *'