**Martha D. KREHER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 69–337–Civ. T.

United States District Court,
M. D. Florida,
Tampa Division.

May 1, 1970.

John R. Himes, of Himes, Talley & Smith, Tampa, Fla., for plaintiff.

John L. Briggs, U. S. Atty., Tampa, Fla., and Donald B. Craven, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLSON, District Judge.

In this action, which was tried by the Court without a jury, the Plaintiff, Martha D. Kreher, seeks to recover an alleged overpayment of income taxes paid on behalf of the estate of Karl Richard Kreher for the year beginning July 21, 1963, and ending June 30, 1964, in the total amount of $15,625.00, plus interest.

### FINDINGS OF FACT

1. Plaintiff's husband, Karl Richard Kreher, died testate on July 21, 1963, a resident of Hillsborough County, Florida.

2. The deceased's Will, dated May 25, 1948, devised all of his property to his wife, and named her executrix. She declined to qualify as executrix, and on November 12, 1963, letters of administration were issued to John R. Himes to serve as personal representative of the estate.

3. On March 13, 1964, the Administrator sold fifty thousand shares of Jim Walter Corporation Common Stock of the estate for $1,518,154.92 cash in order to raise funds with which to pay debts, taxes and expenses of administration of the estate. In so doing, the estate incurred and paid brokerage fee expense of $62,500.00 to the brokers who handled the sale.

4. On October 15, 1964, the estate filed a Fiduciary Income Tax Return for the taxable year beginning July 21, 1963, and ending June 30, 1964. In this return, the Administrator reported the sale of the stock and the resulting long term capital gain of $580,654.92. In computing this gain, the Administrator did not offset against the sale price of

the stock the $62,500.00 paid in brokerage.

5. The Administrator did not file with the Fiduciary Income Tax Return referred to in the preceding paragraph any statement or waiver of deductions for administration expenses pursuant to Section 642(g) of the Internal Revenue Code of 1954, and no such statement or waiver has since been filed by the Administrator or the Plaintiff.

6. On October 21, 1964, the Administrator filed a Federal Estate Tax Return for the estate and therein deducted the $62,500.00 brokerage as an administration expense in computing the taxable estate, and in the audit of the return this deduction was allowed.

7. On October 13, 1966, the Administrator filed a Claim for Refund of $28,-501.13 based on alleged overpayment of Federal income taxes for the taxable year beginning July 21, 1963, and ending June 30, 1964. A portion of the Claim, namely, $15,625.00, was based on the allegation that the $62,500.00 paid as brokerage fees on the sale of the stock of the estate should have been claimed as an offset against the selling price of the stock in determining the gross income from its sale.

8. The Claim for Refund was allowed to the extent of $12,876.13, but this amount did not include any adjustment for the $62,500.00 paid as brokerage fees in the sale of the stock and claimed properly allowable as an offset against the selling price.

9. On September 10, 1968, the District Director of Internal Revenue Service, Jacksonville, Florida, formally advised the Administrator that the portion of the Claim for Refund not previously allowed, and which related to offsetting the brokerage as a selling expense against the sale price of the stock, was disallowed in full.

10. On August 5, 1968, the estate was closed and the Administrator was granted his final discharge. At that time all assets of the estate, including the disallowed portion of the Claim for Refund above-mentioned, were distributed to the plaintiff as the sole beneficiary of the estate.

11. Plaintiff is the holder and owner of the disallowed portion of the Claim for Refund filed by the Administrator and is legally entitled to maintain this action, which was timely commenced on August 19, 1969.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and of the parties.

2. Plaintiff contends that brokerage fees of $62,500.00, incurred and paid by her deceased husband's estate in selling stock of the estate to raise funds to pay debts, taxes and expenses of administration, should have been allowed as an offset against the gross sales price of the stock in computing the amount of the estate's capital gain from the sale for Federal income tax purposes, notwithstanding such fees were claimed and allowed as an administration expense on the estate's Federal Estate Tax Return.

3. Defendant contends that said brokerage fees of $62,500.00 so incurred by the Estate of Karl Richard Kreher in the sale of stock in order to raise funds to meet debts, taxes and administration expenses, and claimed as deductions on the Federal Estate Tax Return filed on behalf of said estate, may not also be offset against the gross sales price of the stock in computing taxable income of the estate for Federal income tax purposes.

4. Section 642(g) of the Internal Revenue Code of 1954, as amended, provides that amounts allowable under Section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a "deduction" in computing the taxable income of the estate or of any other person unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a statement that the amounts have not been allowed as deductions under Section 2053 or 2054 and a waiver of the right to have such

amounts allowed at any time as deductions under Section 2053 or 2054.

■ 5. Brokerage fees paid in connection with the sale of securities by one not a dealer are not "a deduction" allowable in computing the amount of taxable income, but rather are a capital expenditure which can be used only to offset gain or to increase loss in connection with the sale. Don A. Davis, 4 T.C. 329, affd. 8 Cir., 151 F.2d 441. Spreckles v. Commissioner of Internal Revenue, 9 Cir., 119 F.2d 667, affd. Spreckles v. Helvering, 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073.

■ 6. Prior to the adoption of Section 642(g) of the 1954 Code and its prior counterpart; Section 162(e) of the 1939 Code, it was recognized that such selling expenses could be allowed as a deduction on the Estate Tax Return and also to minimize gain for income tax purposes. See Estate of Dudley S. Blossom, 45 B.T.A. 691. See also Adams v. C.I.R., 110 F.2d 578, 583 (C.A.8, 1940), in which the Court said:

"Some emphasis is placed, both by the Board and the Commissioner, on the fact that some or all of the deductions claimed here were claimed also in connection with returns for income taxation of the estate. There is no necessary inconsistency in claiming the deductions as to both estate taxes and also as to income taxes of the estate. The two taxes are different in theory and incidence. It is for the Congress to prescribe what, if any, deductions are to be allowed as to each. Also, it is for the Congress to declare that there shall be but one deduction and where that shall be permitted. Congress has prescribed separately the deductions allowable for estate tax purposes and for income tax purposes. Congress has not declared that these deductions shall, in any way, be affected by the circumstances—often of occurrence—that the same items might come within each of the separate deduction provisions. It is not for the courts to supply this omission —if it be such—in the statute. See Brown v. Commissioner [of Internal Revenue], 10 Cir., 74 F.2d 281, 286."

7. In the Court's opinion, Section 642(g) of the 1954 Code, as amended, and its prior counterpart, Section 162(e) of the 1939 Code, do not purport to change the long standing Rule that brokerage paid in the sale of securities by one not a dealer may be offset against the sales price in determining the amount of the gain or loss. These Sections by their terms merely prohibit an expense item allowable under Section 2053 or 2054 from being used as a "deduction" in computing the amount of taxable income of the estate or any other person if the required statement and waiver are not filed. Since brokerage is a *reduction* and not a *deduction,* the language of these Sections is inapplicable. In C.I.R. v. Burrow, 333 F.2d 66 (C.A.10, 1964), the Court recognized that Section 642(g) was a specific limitation and must be strictly construed. The Court in that case therefore held that this Section, as originally enacted, did not prevent administrative expenses which had been deducted in the Estate Tax Return from being deducted in the Income Tax Return of a trust whose assets were includable in the decedent's gross estate. As a result of this decision, the Section was amended in 1966 to add the words "or of any other person" after the words "shall not be allowed as a deduction in computing the taxable income of the estate". If the Congress had intended Section 642(g) to change the long standing Rule mentioned in Paragraph 6. above, it could easily have said so. However, no such language is found in 642(g) either as originally enacted or, significantly, even in the 1966 Amendment which was adopted after the decision of the Tax Court in the Bray case referred to in Paragraph 8. below.

8. The Court's decision in this case is in accord with the decision reached by the Sixth Circuit in a case involving the identical question. See Estate of Viola E. Bray, 46 T.C. 557, affd., 396 F.2d 452 (C.A.6, 1968). The Bray case was

recently followed by District Judge John W. Oliver of the Western District of Missouri in Commerce Trust Co. et al. v. United States, 309 F.Supp. 1317 (W.D. Mo., Oct. 28, 1969).

9. Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law in favor of the Plaintiff. However, since the parties have not yet agreed on the amount of plaintiff's recovery (See Paragraph 8. of The Pre-Trial Stipulation), entry of judgment will be deferred until the parties have undertaken to agree on such amount. If they agree, they shall advise the Court of the amount on which they agree. If they are unable to agree on the amount within 60 days hereafter, the amount of Plaintiff's recovery will be determined by the Court at a subsequent hearing, notice of which will be given to counsel for both parties.