Philip Platt **SMITH** as Executor of the Estate of Virginia Wright Smith, Deceased, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 69 C 192(3).

United States District Court, E. D. Missouri, E. D.

Oct. 28, 1970.

Walter R. Mayne and Robert T. Johnson, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., St. Louis, Mo., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This is an action for refund of federal estate taxes. The essential facts are not in dispute and have been stipulated. We will, therefore, state only so many of the agreed facts as may be necessary to an understanding of the question presented.

Plaintiff is executor of the estate of Virginia Wright Smith. During the course of administration of such estate it became necessary for plaintiff to sell a substantial amount of securities for the purpose of obtaining funds with which to pay administration expenses and taxes. In connection with the sale of securities in 1964, the executor incurred selling expenses aggregating $16,435.84. Thereafter, on December 15, 1964, the federal estate tax return was duly filed but the expenses of the security sales were not deducted on that return. Subsequently, in 1966, additional securities were required to be sold to obtain necessary funds, in connection with which the executor incurred sales expenses of $1,673.22. The total estate tax, including a deficiency assessment and interest paid by the estate was $1,700,665.69. A claim for refund of estate taxes in the sum of $7,916.06 was then filed. The claim was disallowed for the reason that plaintiff had used the "benefit" of the expenses of the sales to reduce his fiduciary income taxes for 1964 and 1966. It appears from the fiduciary income tax returns for those years that in Schedule D, reporting capital gains or losses realized from sales, the foregoing expenses of security sales were added to the cost basis of the securities sold so as to produce a corresponding reduction in the gain reportable.

The issue for our determination is whether expenses necessarily incurred in selling securities held by the estate which

had been used as offsets against the selling price of the securities in computing the estate income taxes may also be deducted as expenses of administration for estate tax purposes.

There can be no doubt as to the right of the estate, under Section 2053 of the Internal Revenue Code of 1954, to deduct, as expenses of administration, the expenses incurred in connection with the sales of securities, the sales being necessary in order to pay expenses of administration and taxes. The Commissioner urges, however, that under Section 642 (g), of the Internal Revenue Code, plaintiff should be precluded from insisting upon his right to claim the deduction because he had already obtained a tax benefit from the identical expenses to reduce his income taxes. We do not agree.

To the extent here pertinent, Section 642(g) provides that "[a]mounts *allowable* under section 2053 \* \* \* as a *deduction* in computing the taxable estate of a decedent shall not be allowed as a *deduction* in computing the taxable income of the estate or of any other person, unless there is filed, within the time *and in the manner and form prescribed* \* \* \* a statement that the amounts have not been allowed as deductions under section 2053 \* \* \* and a waiver of the right to have such amounts allowed *at any time* as deductions under section 2053 \* \* \*." Concededly, plaintiff did not file such a statement and waiver with the fiduciary income tax returns.

By its terms, Section 642(g), appears to apply only to bar *income tax deductions,* absent the required statement and waiver, without affecting the right of the estate to obtain the benefit of *such deductions* for estate tax purposes. The Tax Court so held in Estate of Baldwin v. Commissioner, 18 T.C.M. 902, construing the predecessor of Section 642(g). The Government has cited no case to the contrary, arguing instead that by first obtaining the income tax benefits, the estate should be deemed to have impliedly waived its right to the estate tax de-

duction, a situation which would not have arisen had the Government required the estate to file the written waiver which is expressly mandated by Section 642(g).

Recognizing its self-created dilemma the Government argues that even if Section 642(g) should be held applicable only as to the income tax aspects of the case, this Court, as a Court of general equity jurisdiction, should apply the doctrine of equitable recoupment and require plaintiff to yield the "unwarranted" income tax benefit as a condition to recovery of the estate tax overpayment. We do not deem it necessary to decide the merits of this contention, since we hold that under the facts there has been no double "deduction" within the meaning of that term as used in Section 642 (g).

Clearly, the sales expenses, being part of the expenses of administration of the estate, are "deductions" for estate tax purposes. However, in computing income resulting from the sale of securities, the sales expenses are simply "offsets" against the gross receipts derived from such sales in ascertaining "gross income" as defined in the Internal Revenue Code. Such an "offset" against the selling price of the securities is not a "deduction" *from* gross income.

We find no intent on the part of the Congress in enacting Section 642(g) and its predecessors to include offsets of the nature here involved as "deductions." To hold otherwise would be tantamount to judicial amendment of the statute under the guise of interpretation. Every court which has considered this question has found, correctly in our judgment, adversely to the Government. See Commissioner of Internal Revenue v. Estate of Bray, 6 Cir., 396 F.2d 452, affirming the judgment of the tax court in Estate of Viola E. Bray, 46 T.C. 577; Commerce Trust Company v. United States, D.C. W.D.Mo., 309 F.Supp. 1317; and the more recent case of Kreher v. United States, D.C.Fla., 314 F.Supp. 409. We fully agree with the reasoning of these cases and the conclusions they reach.

As the Tax Court stated in *Bray.*

"When selling expenses are offset against selling price the seller is being taxed on the gain he actually receives. When securities are valued as of the date of death, no account is taken of the fact that the fiduciary might have to sell them. It would seem to be unfair to tax the estate on the date of death value, with no deduction for selling expenses, and equally unfair to deny the offset of selling expenses against selling price in computing the estate's income tax. We do not think Congress intended that result when it enacted section 162(e) of the 1939 Code and its successor statute, section 642(g), Internal Revenue Code of 1954."

Plaintiff is entitled to the deductions claimed and the federal estate tax liability should be recomputed accordingly. The foregoing memorandum opinion constitutes our findings of fact and conclusions of law. In accordance with the stipulation of the parties, they are directed to submit an agreed form of judgment to the Court for entry in conformity herewith.