**COMMERCE TRUST COMPANY and Robert W. Willits, Executors of the Estate of William G. Parrott, Deceased, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 20129.**

United States Court of Appeals, Eighth Circuit.

Feb. 3, 1971.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Loring W. Post, Kenneth L. Gross, Attys., Dept. of Justice, Washington, D. C., for appellant; Bert C. Hurn, U. S. Atty., Paul Anthony White, Asst. U. S. Atty., of counsel.

Richard M. Erickson, Frank H. Terrell, Guy A. Magruder, Jr., Kansas City, Mo., for appellees.

Before MATTHES, Chief Judge, HEANEY, Circuit Judge, and VAN PELT, Senior District Judge.

PER CURIAM.

This appeal raises the single issue of whether Section 642(g) of the 1954 Internal Revenue Code prevents an estate from using expenses incurred in the selling of stocks and securities both as a deduction for estate tax purposes under Section 2053 of the Code and as an offset against the gross sale amount in computing capital gains and losses for estate income tax purposes. We hold that it does not.

The appeal evolved from an action brought in the United States District Court for the Western District of Missouri by the executors of an estate for recovery of federal income taxes paid by the estate. The material facts were stipulated to and are set in the decision of the District Court which granted summary judgment for the plaintiffs. Commerce Trust Company v. United States, 309 F.Supp. 1317 (W.D.Mo. 1969).

This precise issue was originally decided contrary to the government's position in Estate of Viola E. Bray, 46 T.C. 577 (1966), aff'd mem., 396 F.2d 452 (6th Cir. 1968) (relying on the opinion of the Tax Court). Most recently, the issue has created a flury of judicial activity. The resulting decisions have unanimously followed *Bray* in rejecting the government's position. Smith v. United States, 319 F.Supp. 174 (E.D. Mo., Oct. 28, 1970); Clapp v. United States, No. 70–524–HP, 70–2 U.S.T.C. ¶ 12,720 (C.D.Cal., Aug. 24, 1970), appeal authorized, 9th Cir., 717 CCH–Standard Federal Tax Reports 70,704; Wilson v. United States, No. 69–1237–F,

70–2 U.S.T.C. ¶12,714 (C.D.Cal., Aug. 28, 1970); Estate of Walter E. Dorn, 54 T.C. 1651 (1970), notice of appeal filed, 9th Cir., CCH–Standard Federal Tax Reports 70,705; Mercantile Safe-Deposit & Trust Company v. United States, No. 21316, 70–1 U.S.T.C. ¶9422 (D.Md., May 19, 1970); Kreher v. United States, 314 F.Supp. 409 (M.D.Fla., May 1, 1970), appeal docketed, No. 30,343, 5th Cir., Aug. 10, 1970, 717 CCH-Standard Federal Tax Reports 70,708.[1]

The court below closely reexamined the reasoning of the *Bray* decision and the most recent legislative history affecting Section 642(g). We think it correctly found the government's arguments wanting.[2]

For the reasons stated in the opinion of the lower court and in the opinion of the Tax Court in Estate of Viola E. Bray, *supra*, the judgment of the District Court is

Affirmed.

---

1. The Commissioner has nonetheless announced that he will not acquiesce in the Tax Court's decision in *Bray*. Int.Rev. Bull. 1970–30,7.

2. See also, 65 Mich.L.Rev. 571 (1967) and the authorities cited in n. 9 therein.